UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DUANE JONES,

    Petitioner,

v.                                        Case No. 6:12-cv-1220-Orl-28KRS

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

This case is before the Court on the petition for habeas corpus relief filed by Duane Jones pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed an initial response (Doc. No. 13) and an amended response (Doc. No. 23) to the petition. Jones filed a reply (Doc. No. 31) to the responses.

I. *Procedural History*

Jones is challenging a conviction for resisting arrest with violence that occurred on June 15, 2010, in underlying state court case number 2007-CF-62171. *See* Doc. No. 1 at 1. However, a review of Jones' prior criminal history is relevant to this case.

In state court case number 93-17020CFA, Jones was convicted of aggravated battery with a firearm, robbery with a firearm, and attempted robbery with a firearm. On November 10, 1994, the trial court sentenced Jones to probation for a term of 10

years, followed by imprisonment for a term of 20 years. If Jones completed the terms of his probation, the prison sentence would be eliminated. In state court case number 95-13068-CFA, Jones was convicted of attempted sale of cocaine and possession of cocaine. On June 30, 1995, the trial court sentenced Jones to probation for a term of five years.

On October 21, 1997, he entered a plea to violating the terms of his probation in both cases. On February 3, 1998, Jones' probation was revoked. Further, in the 1993 case, Jones was sentenced to imprisonment for a term of 15 years, followed by probation for a term of 10 years. In the 1995 case, he was sentenced to imprisonment for a term of 30.24 months, followed by probation for a term of 10 years.

Jones was released from prison, and he was later charged with violating probation by committing new charges of aggravated battery with a deadly weapon and domestic battery. Jones moved to dismiss the violation of probation affidavit, and the trial court entered an order on March 14, 2005, determining that Jones' total sentence of prison and probation for the 1993 case was illegal since it exceeded 20 years. In particular, the trial court found that the total sentence of imprisonment for a term of 15 year and probation for a term of 10 years exceeded the 20 year suspended sentence originally imposed. On March 22, 2005, the trial court entered an amended sentence of imprisonment for a term of twenty years as to the 1993 case and for a term of five years as to the 1995 case. Jones then filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800. The trial court granted the motion in part and denied the motion in part, and it scheduled a re-sentencing hearing. On June 3, 2006, the trial

court resentenced Jones to imprisonment for a term of fifteen years as to the 1993 case and for a term of 30.24 months as to the 1995 case. The resentencing ran nunc pro tunc to February 3, 1998. The state appellate court *per curiam* affirmed the resentencing on April 11, 2006. The mandate issued on May 1, 2006.

On October 29, 2007, the State filed an information charging Jones with resisting and officer with violence and two counts of criminal mischief. This case, 2007-CF-62171, is the one presently under federal habeas review. Jones subsequently entered into a plea agreement in which he resolved numerous outstanding cases, including the 2007 case, in exchange for a two-year prison sentence. On June 15, 2010, he was sentenced accordingly, with all counts to run concurrently.

On July 28, 2011,[1] Jones filed a Rule 3.850 motion for postconviction relief, which the trial court denied on October 19, 2011. The state appellate court affirmed *per curiam* on March 13, 2012. The mandate issued on April 9, 2012.

II. *Jones' Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244,

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1]This is the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

(A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, Jones was sentenced on June 15, 2010, and, since he did not file a direct appeal, the time for seeking such review expired thirty days later on July 15, 2010. *See* Fla. R. App. P. 9.110(b). Jones then had until July 15, 2011, absent any tolling, to file a federal habeas petition regarding such conviction. Jones' federal habeas petition was filed on August 6, 2012, and therefore is untimely.

The Court is aware that Jones filed a postconviction motion in the state court; however, that proceeding did not toll the statute of limitations because the one-year period expired before Jones initiated the action. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing

4

deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Jones acknowledges that his petition is untimely, but he argues that the one-year period of limitation should be tolled based on 1) on *Martinez v.* Ryan, 132 S. Ct. 1309 (2012), and 2) equitable tolling. *See* Doc. No. 2 at 15-16.

Jones relies on *Martinez* for the proposition that he is entitled to equitable tolling because he was not represented by counsel during his Rule 3.850 proceeding. However, Jones' lack of counsel in filing his Rule 3.850 motion does not provide a basis for equitable tolling, and his reliance on *Martinez* is misplaced. The *Martinez* case dealt with the exhaustion requirement of 28 U.S.C. § 2254(b), and decided "whether a federal habeas court may excuse a procedural default of an ineffective assistance claim when the claim was not properly presented in state court due to an attorney's error in an initial-review collateral proceeding." *Id.* at 1313. Jones has cited no cases applying *Martinez* to provide for equitable tolling of the statute of limitations, and the Court finds that the *Martinez* opinion does not address equitable tolling or the AEDPA's statute of limitations and is inapplicable to Jones' statute of limitation issues.

Jones also mentions that he is entitled to equitable tolling because he lacks legal training, because he has limited access to the prison law library, and because he "was in transit from various reception centers" during August 2, 2010, through September 3, 2010. *See* Doc. No. 1 at 16.

5

deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Jones acknowledges that his petition is untimely but he argues that the one-year period of limitation should be tolled based on 1) on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and 2) equitable tolling. *See* Doc. No. 2 at 15-16.

Jones relies on *Martinez* for the proposition that he is entitled to equitable tolling because he was not represented by counsel during his Rule 3.850 proceeding. However, Jones' lack of counsel in filing his Rule 3.850 motion does not provide a basis for equitable tolling, and his reliance on *Martinez* is misplaced. The *Martinez* case dealt with the exhaustion requirement of 28 U.S.C. § 2254(b), and decided "whether a federal habeas court may excuse a procedural default of an ineffective assistance claim when the claim was not properly presented in state court due to an attorney's error in an initial-review collateral proceeding." *Id.* at 1313. Jones has cited no cases applying *Martinez* to provide for equitable tolling of the statute of limitations, and the Court finds that the *Martinez* opinion does not address equitable tolling or the AEDPA's statute of limitations and is inapplicable to Jones' statute of limitation issues.

Jones also mentions that he is entitled to equitable tolling because he lacks legal training, because he has limited access to the prison law library, and because he "was in transit from various reception centers" during August 2, 2010, through September 3, 2010. *See* Doc. No. 1 at 16.

5

The Court recognizes that equitable tolling applies when a movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*,130 S. Ct. 2549, 2562 (2010) (quotation omitted). As to the first prong, the movant need only demonstrate "reasonable diligence" rather than "maximum feasible diligence." *Id.* at 2565 (quotations omitted). As to the second prong, an extraordinary circumstance is one that is both beyond the movant's control and unavoidable even with diligence. *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir.2002). Equitable tolling "is an extraordinary remedy which is typically applied sparingly," and the movant bears the burden of showing that it is warranted. *Drew*, 297 F.3d at 1286 (quotation omitted).

The Court finds that Jones has failed to satisfy either prong or to otherwise demonstrate that he is entitled to equitable tolling. The reasons proffered by Jones for his delay, which include the lack of counsel and lack of legal training, do not constitute extraordinary circumstances. *Beachum v. McNeil*, 5:07CV266/RS-MD, 2009 WL 528626, at *3 (N.D. Fla. Mar. 2, 2009). Likewise, the lack of access to the prison law library and transfers to different reception centers do not constitute extraordinary circumstances. *See Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007). Consequently, Jones has not demonstrated that there is any basis upon which to extend the one-year deadline or that his petition should otherwise be subject to equitable tolling. Accordingly, the instant federal habeas corpus petition was untimely filed and is denied.

Any of Jones' allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically address herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus filed by Duane Jones (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.  The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.  This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Jones has failed to make a substantial showing of the denial of a

constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 30 day of January, 2014.

JOHN ANTOON II
UNITED STATED DISTRICT JUDGE

Copies to:
OrlP-2 1/30
Duane Jones
Counsel of Record

---

[2]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

8